UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| I.A.M. NATIONAL PENSION FUND, and <br><br> BOARD OF TRUSTEES OF THE I.A.M. NATIONAL PENSION FUND <br><br> 1300 Connecticut Avenue, NW <br> Suite 300 <br> Washington, DC  20036 <br> (202) 785-2658 <br><br> Plaintiffs, <br><br> v. <br><br> ALSTOM TRANSPORTATION, INC. <br> 1 Transit Dr. <br> Hornell, NY 14843 <br> (607) 324-4580 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br><br><br><br><br><br><br><br><br><br> Case No. 20-cv-00138 |

COMPLAINT

1. This is an action for legal and equitable relief brought pursuant to ERISA Sections 502 and 515, 29 U.S.C. §§1132, 1145, by the I.A.M. National Pension Fund (the "Pension Fund"), and its Board of Trustees to enforce Defendant Alstom Transportation, Inc.'s ("Alstom") obligations to make pension contributions to the Pension Fund, as well as to obtain judgment for delinquent contributions together with interest, liquidated damages, attorneys' fees and other costs associated with this action.

2. The Court has jurisdiction over the ERISA claim asserted below under the terms of ERISA Section 502(a)(3) and (e), 29 U.S.C. §§ 1132(a)(3), (e), and ERISA Section 515, 29

U.S.C. § 1145.

3. Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(2) because the Pension Fund is administered in this judicial district.

4. The Pension Fund is a jointly administered trust fund established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Pension Fund is an employee benefit plan within the meaning of ERISA Sections 3(2) and 3(3), 29 U.S.C. §§ 1002(2) and (3), and it is maintained for the purpose of providing retirement benefits to eligible employees of participating employers. The Pension Fund is also a multiemployer plan within the meaning of ERISA Section 3(37), 29 U.S.C. § 1002(37).

5. The Pension Fund is administered at its offices in Washington, D.C.

6. Plaintiff Board of Trustees is a fiduciary within the meaning of ERISA Section 3(21)(A), 29 U.S.C. § 1002(21)(A). It serves as the Pension Fund Administrator of the Pension Fund within the meaning of ERISA Section 3(16)(A), 29 U.S.C. § 1002(16)(A), and is the named fiduciary of the Pension Fund within the meaning of ERISA Section 402, 29 U.S.C. § 1102(a).

7. Alstom is a for-profit business organization authorized to do business in the state of New York and is an " employer" within the meaning of ERISA Section 3(5), 29 U.S.C. §1002(5). Alstom's principal office and place of business is in Hornell, New York.

8. On or about April 1, 2013, Alstom entered a Collective Bargaining Agreement with District Lodge 19, Local Lodge 2741 of the International Association of Machinists and Aerospace Workers (hereafter referred to as "the Union"). On April 1, 2016, Alstom entered into a successor Collective Bargaining Agreement with the Union. Pursuant to the Collective Bargaining Agreements, Alstom agreed to make regular contributions to the Pension Fund on

behalf of the employees in the bargaining unit represented by the Union.

9. Pursuant to the Collective Bargaining Agreements referred to in Paragraph 8 above, Alstom also adopted and agreed to be bound by the provisions of the I.A.M. National Pension Fund Amended and Restated Trust Agreement ("Trust Agreement"), and the Pension Fund rules as amended from time to time.

10. Article V, Section 3 of the Trust Agreement provides that:

All Contributions shall be payable to the I.A.M. National Pension Fund and shall be paid in the manner and form determined by the Trustees. The employers shall make all reports on Contributions required by the Trustees in the performance of their duties under this Restated Agreement and Declaration of Trust. The Trustees may, by their representatives, examine the pertinent records of each Employer whenever such examination is deemed necessary or advisable by the Trustees in connection with the administration of the Trust. The Trustees may, at any time, designate a certified public accountant to conduct an audit of the pertinent payroll and wage records of any Employer to determine whether such Employer is making all required Contributions. The Trustees may charge the Employer with the cost of the audit. In the event the audit shows an underreporting of Contributions, the Employer shall pay liquidated damages of 20% on the underreported Contributions plus interest at the rate of 18% per year from the due date determined in rules adopted by the Trustees until the date payment is received.

11. Article V, Section 4 of the Trust Agreements provides that:

Each Employer shall be obligated to make Contributions when due. Failure of an Employer to make Contributions when due shall not relieve any other Employer of its obligation to make payments to the Fund.

Insofar as the payment of the Contributions by the individual Employer is concerned, time is of the essence. Regular and prompt payment by the Employers of the amounts due is essential for the maintenance of the Fund, and it would be extremely difficult, if not impracticable, to fix the actual expense and damage to the Fund and to the pension program provided by the Fund, which will result from the failure of an individual Employer to make payments in full within the required time period.

Payment of direct Employer Contributions, together with the completed reporting forms, are due on the due date determined in rules adopted by the Trustees. If the Employer fails to make such Employer Contributions when due, the Employer shall be liable for liquidated damages of 20% of the amount due and simple

interest shall be paid on all amounts due at the rate of 18% per annum from the date of the delinquency until the due date payment is received.

The Trustees shall have the power to take any actions necessary to enforce the payment of Contributions, liquidated damages, interest, and other amounts due, including but not limited to, the institution of or intervention in any legal, equitable, or administrative proceedings, and all reasonable expenses incurred by the Fund in enforcing the payment of Contributions, liquidated damages, interest, or other amounts due, including, but not limited to reasonable attorneys' fees, accountants' fees, and court costs, shall be added to the obligation of the defaulting Employer in addition to the amount due. The Employer agrees that such sums, together with liquidated damages and interest set forth above, shall be included in any judgment issued by a court. The Trustees shall have the authority to settle or compromise any claims, suits, or legal actions for less than the full amount due when in their discretion, they deem it in the best interests of the Fund.

12. In 2017, the Pension Fund conducted a payroll audit of Alstom. In October 2017, the payroll audit revealed that Alstom breached the provisions of the Agreements by underpaying contributions owed to the Trust Funds based upon the hours worked by employees during the period of January 2014 through December 2016. Specifically, the audit determined that Alstom owes the Pension Fund $7,304.67 in delinquent contributions.

13. The Pension Fund first gave notice to Alstom of this deficiency in November 2017. Since that time, Alstom has failed and/or refused to pay the delinquent amount owed to the Pension Fund.

14. In accordance with the Collective Bargaining Agreements, the Trust Agreement, 29 U.S.C. § 1145, and 29 U.S.C. § 1132(g)(2), Alstom is liable to the Pension Fund for:

(a) The full amount of the unpaid contributions;

(b) interest on the unpaid contributions at the rate of eighteen percent (18%) per annum;

(c) an additional amount pursuant to 29 U.S.C. § 1132(g)(2)(C), equal to the greater of the interest on the unpaid contributions or liquidated damages in the amount of twenty percent

4

(20%) of the unpaid contributions; and

 (d) the costs of this action, reasonable attorneys' fees, and/or accountants' fees.

15. In addition, Alstom owes two additional debts to the Pension Fund: $641.43 of accrued interest in connection with the late submission of its August 2018 payment (which was paid in November 2018) and $488.47 of accrued interest in connection with the late submission of its May 2017 payment (which was paid in August 2017).

16. Notwithstanding Plaintiffs' efforts to secure Alstom's voluntary compliance with its contractual and statutory obligation to make pension contributions to the Pension Fund, Alstom continues to fail and/or refuse to make such payments in a timely manner.

17. Unless enjoined by order of this Court from doing so, Alstom will continue to be delinquent in the financial and reporting obligations it owes the Pension Fund.

WHEREFORE, Plaintiffs request the following relief:

A. A judgment ordering Alstom, its officers, agents, successors and assigns:

 1. To pay to the Pension Fund all delinquent contributions Alstom owes to the Pension Fund;

 2. To pay to the Pension Fund interest that has accrued on all delinquent contributions determined to be owed, at the rate of eighteen percent (18%) per annum;

 3. To pay to the Pension Fund an additional amount equal to the greater of the accrued interest or liquidated damages in the amount of twenty percent (20%); and

 4. To pay to the Plaintiffs their reasonable attorneys' fees, accountant fees, and costs of this action;

B.	An injunction requiring Alstom, its officers, agents, successors, and assigns, to comply with the Collective Bargaining Agreements, and the Trust Agreement incorporated therein, including submitting monthly remittance reports to the Pension Fund in a timely manner and by making all past and future payments due to the Pension Fund; and

C.	Any such further relief as the interests of justice may require.

### *Jury Demand*

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand trial by jury in this action of all issues so triable.

Date:	January 17, 2020

*/s/*Joshua B. Shiffrin
Joshua B. Shiffrin, Esq. (DC Bar ID: 501008)
April H. Pullium, Esq. (DC Bar ID: 198026)
BREDHOFF & KAISER, P.L.L.C.
805 Fifteenth St, N.W., Suite 1000
Washington, D.C. 20005
(202) 842-2600
(202)842-1888 (fax)
jshiffrin@bredhoff.com
apullium@bredhoff.com

*Counsel for Plaintiffs I.A.M. National Pension Fund and the Board of Trustees of the I.A.M. National Pension Fund*

**SERVICE UPON SECRETARY OF LABOR AND THE SECRETARY OF THE TREASURY**

A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

Date:   January 17, 2020                    */s/*Joshua B. Shiffrin
                                            Joshua B. Shiffrin, Esq. (DC Bar ID: 501008)